ALLISON J. SCHOENTHAL (admitted *pro hac vice*)
ASchoenthal@goodwinlaw.com
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel.: +1 212 459 7183
Fax: +1 212 937 3850

W. KYLE TAYMAN (admitted *pro hac vice*)
KTayman@goodwinlaw.com
**GOODWIN PROCTER LLP**
1900 N Street, N.W.
Washington, DC 20036-1612
Tel.: +1 202 346 4000
Fax: +1 202 346 4444

REBECCA L. TARNEJA (SBN 293461)
RTarneja@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 South Figueroa Street, Suite 4100
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MARTIN BELTRAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER,<br><br>Defendant. | Case No. 3:25-cv-04412-JSC<br><br>**DEFENDANT MR. COOPER'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Hearing: January 29, 2026<br>Time: 10:00 a.m.<br>Location: 8, 19th Floor<br>Judge: Honorable Jacqueline Scott Corley |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Evidence 201 and applicable case law, Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper") hereby respectfully requests that the Court consider Exhibits 1–3 to the Declaration of Edward W. Larroca under the doctrines of judicial notice and/or incorporation by reference, as appropriate, in support of Mr. Cooper's concurrently filed Motion to Dismiss the Amended Complaint.

- **Exhibit 1:** Terms and Conditions, https://www.mrcooper.com/terms_of_use
- **Exhibit 2:** Mr. Cooper Account Signup Webpages, www.mrcooper.com/signin
- **Exhibit 3:** State-Specific Privacy Notice, https://www.mrcooper.com/privacy/state

Dated: October 8, 2025               Respectfully submitted,

By: */s/ W. Kyle Tayman*
W. KYLE TAYMAN (admitted *pro hac vice*)
KTayman@goodwinlaw.com
ALLISON J. SCHOENTHAL (admitted *pro hac vice*)
ASchoenthal@goodwinlaw.com
REBECCA L. TARNEJA (SBN 293461)
RTarneja@goodwinlaw.com
**GOODWIN PROCTER LLP**

Attorneys for Defendant

**MEMORANDUM OF POINTS AND AUTHORITIES**

Mr. Cooper respectfully requests that the Court consider Exhibits 1–3, as set forth in the Declaration of Edward W. Larroca submitted herewith, in support of Mr. Cooper's concurrently filed Motion to Dismiss the Amended Complaint. These exhibits include Mr. Cooper's online Terms and Conditions and Privacy Policy that are alleged in the Amended Complaint ("Complaint"), ECF 26 ¶¶ 3, 28, 75–84 & nn. 7, 29, and Mr. Cooper's account registration flow, *see id.* ¶¶ 123–24. These exhibits are not subject to reasonable dispute and are each subject to judicial notice and/or incorporation by reference because the underlying facts are alleged in the Complaint.

**LEGAL STANDARD**

On a motion to dismiss, courts may consider "matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). In particular, courts may judicially notice "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts are *required* to grant a valid request for judicial notice. Fed. R. Evid. 201(c) ("The court … *must* take judicial notice if a party requests it and the court is supplied with the necessary information" (emphasis added)). Documents that "appear on publicly available websites" are "proper subjects for judicial notice." *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (granting request for judicial notice in support of motion to dismiss); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (noticing publicly available websites).

Also, in deciding a motion to dismiss, a court "must consider … documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). The doctrine of incorporation by reference "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). When a claim depends on the contents of a document attached to the motion to dismiss, and the document's authenticity is unquestioned, the court may deem the document "incorporated" into

Goodwin Procter LLP
Attorneys at Law

1   Request for Judicial Notice in Support of Mr. Cooper's MTD Am. Compl.
Case No. 3:25-cv-04412-JSC

the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Ritchie*, 342 F.3d at 908 (a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or [it] … forms the basis of the plaintiff's claim").

## ARGUMENT

### I. Publicly Available Webpages.

**A. Judicial Notice.**

Exhibits 1 and 3 are judicially noticeable as publicly available documents not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). These exhibits consist of the following publicly accessible webpages from Mr. Cooper's website: (i) the website's Terms (Exhibit 1); and (ii) the website's State-Specific Privacy Notice, which is incorporated into the Privacy Policy (Exhibit 3).

This District has long recognized that publicly available webpages are "proper subjects of judicial notice." *See Cody v. Ring LLC*, 2025 WL 240763, at *2 n.3 (N.D. Cal. Jan. 16, 2025) ("[t]hese exhibits are easily verifiable, publicly available websites" and thus "are proper subjects of judicial notice"); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases); *Brown*, 525 F. Supp. 3d at 1061 ("These documents appear on publicly available websites and are thus proper subjects for judicial notice."). Further, this District routinely takes judicial notice of online privacy policies and terms of use in privacy-related litigation. *See, e.g.*, *Matera v. Google Inc.*, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (taking judicial notice of terms of use and privacy policies); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (same); *In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 3d 1017, 1026 n.2 (N.D. Cal. 2021) (same); *Yuksel v. Twitter, Inc.*, 2022 WL 16748612, at *2 (N.D. Cal. Nov. 7, 2022) (taking judicial notice of terms of use). This Court should do the same here and take judicial notice of Exhibits 1 and 3.

**B. Incorporation by Reference.**

This Court may also consider the website's Terms and State-Specific Privacy Notice (Exhibits 1 and 3) for the further reason that the Complaint incorporates them by reference. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Plaintiff cites the Terms and Privacy Policy in

the Complaint, ECF 26 ¶¶ 3, 28, 75–84 & nn. 7, 29, and attaches the Privacy Policy to the Complaint. ECF 26-1. And though he does not attach the State-Specific Privacy Notice or Terms, both are referenced in Complaint and incorporated by reference. *See Swartz*, 476 F.3d at 763 ("to '[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting ... documents upon which their claims are based,' a court may consider a writing referenced in a complaint but not explicitly incorporated" (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)). Here, the State-Specific Privacy notice is reflected as part of the Privacy Policy attached to the Complaint. ECF 26-1 at 1 (displaying a "State-Specific (/privacy/state)" portion of the Privacy Policy). And the Terms are quoted and cited in the Complaint. ECF 26 ¶¶ 28, 79 & nn. 7, 29.

The Terms and State-Specific Privacy Notice are central to Plaintiff's allegations. For one, Plaintiff tries to selectively quote and paraphrase the Terms and Privacy Policy, contending they comprise "Mr. Cooper's [p]rivacy [r]epresentations," and he pleads the Privacy Policies as "contracts." *Id.* ¶¶ 3, 28, 75–84 & nn. 7, 29. The full Privacy Policies and Terms are thus central to Plaintiff's core allegation that Mr. Cooper "collect[s] and disclose[s]" their data contrary to representations in the Terms and Privacy Policies and "without their knowledge or authorization." *Id.* ¶¶ 3, 6–7, 38, 45, 53; *see Swartz*, 476 F.3d at 763, *supra*. And the Terms are additionally central to Plaintiff's entire action: not only does he allege the Terms as binding "representations," but he pleads claims under California law and seek monetary damages, ECF 26 ¶¶ 179–224, 251–304, when the Terms contain a choice-of-law provision requiring the application of Texas law and a limitation-of-liability provision that precludes recovery for monetary relief. *See* Ex. 1 ("use of the Mr. Cooper websites" is governed by Texas law, shall proceed in Texas, and is subject to a limitations provision). Therefore, the Court should incorporate by reference the Terms and State-Specific Privacy Notice cited and referenced in the Complaint.

II. **Incorporation by Reference of the Account Signup Webpages.**

This Court should further incorporate by reference Exhibit 2—screenshots of the account signup webpages on Mr. Cooper's website (www.mrcooper.com/signin). The account signup webpages lie at the heart of this dispute, which arises out of Plaintiff's interactions with the website

Goodwin Procter LLP
Attorneys at Law

3    Request for Judicial Notice in Support of Mr. Cooper's MTD Am. Compl.
Case No. 3:25-cv-04412-JSC

in his capacity *as an online account holder*.[1] Plaintiff alleges that he "opened an online account with Mr. Cooper." ECF 26 ¶¶ 123–24. As the account signup webpages show, Plaintiff was required to agree to the Terms when he opened that account. *See* Ex. 2. Although the Court should consider the Terms based on their availability online and references to them in the Complaint, the Court should judicially notice and incorporate the Terms—and Plaintiff's agreement to the Terms—for this reason as well. *See Silva v. WhaleCo, Inc.*, 2024 WL 4487421, at *1 n.1 (N.D. Cal. Oct. 10, 2024) (taking judicial notice and incorporating *sua sponte* online terms where plaintiffs made purchases on defendant's website, which required them to accept the terms); *Sifuentes v. X Corp.*, 2024 WL 4953431, at *5 (N.D. Cal. Dec. 2, 2024) (taking judicial notice of X's online terms where plaintiff alleged he created an online account). And because Plaintiff alleges that he opened an online account, ECF 26 ¶¶ 123–24, he cannot reasonably dispute that he agreed to the Terms.

## CONCLUSION

For the foregoing reasons, Mr. Cooper requests that this Court grant this Request for Judicial Notice in support of Mr. Cooper's Motion to Dismiss the Amended Complaint.

Dated: October 8, 2025

Respectfully submitted,

By: */s/ W. Kyle Tayman*
W. KYLE TAYMAN (admitted *pro hac vice*)
KTayman@goodwinlaw.com
ALLISON J. SCHOENTHAL (admitted *pro hac vice*)
ASchoenthal@goodwinlaw.com
REBECCA L. TARNEJA (SBN 293461)
RTarneja@goodwinlaw.com
**GOODWIN PROCTER LLP**

Attorneys for Defendant

---

[1] Although the first page of the account signup flow is publicly available, the second page requires customers, including Plaintiff, to enter their usernames and passwords—which Plaintiff admits he did. *See* ECF 26 ¶ 123.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the clerk of the court for the United States District Court for the Northern District of California by using the CM/ECF system on October 8, 2025. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. I certify under penalty of perjury that the foregoing is true and correct.

Dated:   October 8, 2025

/s/ W. Kyle Tayman
W. KYLE TAYMAN