Natalie Lyons, No. 293026
Vess A. Miller, No. 278020
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel: (317) 636-6481
nlyons@cohenmalad.com
vmiller@cohenmalad.com

*Attorneys for Plaintiffs and the Proposed Class*

[*additional counsel listed on signature pages*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| **MARTIN BELTRAN, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs**<br><br>v.<br><br>**NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER,**<br><br>**Defendant.** | Case No.: No. 3:25-cv-04412-JSC<br><br>**PLAINTIFFS' RESPONSE TO CASE RELATION NOTICE**<br><br>Before: Hon. Jacqueline Scott Corley |
| **ELILJAH IDRIS, GOWAN MCLIN, and JUSTIN BICKHAM individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs**<br><br>v.<br><br>**LAKEVIEW LOAN SERVICING, LLC**<br><br>**Defendant.** | Case No.: 3:25-CV-05087-TLT |

On October 8, 2025, this Court entered an order *sua sponte* referring this case to the Honorable Jacqueline Scott Corley for consideration of whether this case is related to Case No. 3:25-cv-04412-JSC, *Beltran v. Nationstar Mortgage, LLC*. Defendant Lakeview Loan Serving, LLC ("Lakeview" or "Defendant") responded on October 12, 2025. D.E. 37.[1] Plaintiffs hereby respond that the cases do not meet the definition of a "related case" pursuant to the Local Rule and should not be related or consolidated on their respective dockets.

In the proposed case management order, Lakeview explicitly represented that it was unaware of any case meeting the definition of a "related case" as defined by Local Rule 3-12. D.E. 30 at 6, ¶ 10. In full, Lakeview said:

> **Related Cases**. The parties are unaware of any cases that meet the definition of a "related case" as defined in Civil Local Rule 3-12. Lakeview notes, however, that plaintiffs' counsel have sued one of Lakeview's subservicers (Mr. Cooper) in Beltran v. Nationstar Mortgage LLC, No. 4:25-cv-04412-JSC (N.D. Cal.), asserting similar claims and facts, and it notes relevant overlap in facts and claims may become evident at some point in these cases.

*Id.* There being no disagreement between the parties that there is no case meeting the "related case" definition, Plaintiffs did not see reason to further comment regarding Lakeview's vague anticipation that there "*may*" be overlap of claims and facts "at some point." D.E. 30 at 6, ¶ 10. Plaintiffs could hardly directly respond to such hypotheticals; further, each party is the master of its own discrete assertions in the case management order.

---

[1] The deadline for this Notice Response is today, October 14, 2025. *See* D.E. 35 (order issued under LR 3-12(c), which incorporates LR 3-12(e) for responses in opposition or notices of support, and in turn follows the timing of LR 7-11 which provides a "4 day" response after the triggering event). Because the Court's initial order was entered October 8, 2025, the four-day deadline, which excludes Sundays and federal holidays, is October 14. Fed. R. Civ. P. 6(a)(1)(B, C); Fed. R. Civ. P. 6(a)(6)(A). Notably, counsel for Plaintiffs emailed Defendant's counsel on October 13, 2025, requesting that the parties stipulate to a response deadline for Plaintiffs of Friday, October 17 (an extension of three days from the deadline). Lakeview declined to stipulate to the extension.

As Lakeview now avers in a footnote, D.E. 37 at 2, n.1, it has had a late-breaking epiphany that apparently, yes, the cases are indeed related. *Id.* ("In light of Judge Thompson's referral to this Court to consider relatedness, Lakeview has conducted additional factual research and confirmed the cases are indeed related as explained below."). Additional factual research indeed.

Local Rule 3-12(a) is quite clear about what constitutes a "related case." The actions must "concern substantially the same parties, property, transaction, or event" *and* there will be duplication of labor amongst the Court's Judges. It does not say that the cases should be "similar," "comparable," or "concern the same bad conduct." It says: "substantially the same."

Completely absent from Lakeview's response is any indication that the defendants in these cases are formally related as corporate entities. Lakeview Loan Servicing, LLC (represented here by Quinn Emanuel) is not the same party as Nationstar Mortgage, LLC d/b/a Mr. Cooper (represented in Case No. 3:25-cv-04412-JSC by Goodwin Proctor). Lakeview's filing reveals that Nationstar Mortgage, LLC d/b/a Mr. Cooper, sometimes does business with Lakeview. D.E. 37 at 2 (noting Mr. Cooper is a subservicer of Lakeview). Lakeview then expends several pages (and offers several declarations) indicating that some loans of one entity may be serviced by another entity. Just because two companies in the same industry are sued for the same kind of conduct does not mean the cases are related. The companies may do business together, but that is not a basis to find that they are the same party—as Lakeview admits, they are not.

Notably, Lakeview concedes "Lakeview and Mr. Cooper are independent entities[.]" D.E. 37 at 3. At bottom, Lakeview has merely contended that it is a frequent business partner with Mr. Cooper and that each company may have contractual relationships with the other implicating the servicing of the plaintiffs' mortgages in these two cases. Any possibility (if any) that the companies' websites may be partially entangled does not itself raise a question of relatedness under

the Rules. These entities explicitly chose to structure their mortgage servicing (and data harvesting) businesses this way. But LR 3-12(a) is unconcerned about their side deals. Surely, doing some business together some of the time does not equate to the two discrete entities comprising "substantially the same parties."

While certainly these cases concern similar conduct, that does not render them the same "transaction or event." Cases can be similar but not sufficiently related to satisfy the Local Rule. *See, e.g.*, *ASUS Computer Int'l v. Interdigital, Inc.*, No. 15-CV-01716-BLF, 2015 WL 13783764, at *1 (N.D. Cal. June 15, 2015) ("There are, undoubtedly, some similarities between the suits: Interdigital is a party to both suits, both ASUS and Pegatron have licensing agreements with Interdigital that were allegedly violated, and Interdigital alleges that these licensing agreements include an enforceable arbitration provision.") (finding cases were not related); *Hodges v. Akeena Solar, Inc.*, No. CV 09-02147 JW, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010) ("Here, the Court finds that although the two actions concern substantially the same transaction and events, the legal claims, named defendants, and procedural posture are different.").

The companies operate different websites. D.E. 31, ¶ 30 (this case); Case No. 3:25-cv-04412-JSC, D.E. 26 at ¶ 29. Lakeview has had Meta Pixel installed on its systems since October of 2021, D.E. 26 at ¶ 43, whereas Mr. Cooper employed tracking systems on its website between May 2019 and at least May 2025. Case No. 3:25-cv-04412-JSC, D.E. 26 at ¶ 54. The disclosures each defendant made to tech companies through these technologies may differ. These are some, but not all possible relevant distinctions. Lakeview avers in its filing that: "Or, worse yet, *both* defendants could potentially be held liable for the same alleged data privacy violations if the factfinders each find the defendant in their case responsible for the same webpage if plaintiffs seek to blur the line between where Lakeview's website ends and Mr. Cooper's website begins." D.E.

37 at 5 (emphasis in original). Lakeview's attempt to cast aspersions on the plaintiffs in these cases is undermined by its own conflicting representations. Discovery can bear out these distinctions—it is not the fault of the plaintiffs in either case (ordinary consumers) that these companies set their websites up this way or have agreements between each other. Nor is it a sufficient basis under LR 3-12(a) to find that they are "substantially the same." The only blurring of the lines being done here is by Lakeview. Mr. Cooper is liable for what happens on its website, and Lakeview is liable for what happens on its website.

These cases may concern similar conduct, but they do not concern "the same" parties, transactions, or events. They should proceed separately. Consistent with Local Rule 3-11(e), this response is being filed on both dockets.

Dated: October 14, 2025                                         Respectfully submitted,

/s/ Natalie Lyons
Natalie Lyons, No. 293026
Vess A. Miller, No. 278020
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
nlyons@cohenmalad.com
vmiller@cohenmalad.com

Carly M. Roman, No. 349895
STRAUSS BORRELLI, PLLC
2261 Market Street, Suite 22946
San Francisco, CA 94114
(872) 263-1100
(872) 263-1109 (facsimile)
croman@straussborrelli.com

***Counsel for Plaintiffs and the Proposed Classes***

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I attest that each of the other Signatories have concurred in the filing of the document, which shall serve in lieu of their signatures on the document.

Dated: October 14, 2025

By: */s/ Natalie Lyons*
Natalie Lyons, No. 293026
COHENMALAD, LLP
Attorney for Plaintiffs