J. Gerard Stranch, IV*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
(615) 255-5419 (facsimile)
gstranch@stranchlaw.com

[*additional counsel listed on signature pages*]

**Counsel for Plaintiff and the Proposed Class**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| MARTIN BELTRAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, <br><br> Defendant. | Case No. 3:25-cv-04412-JSC <br><br> **PLAINTIFF'S SUPPLEMENTAL BRIEF ON MOTION TO TRANSFER** <br><br> Judge: Honorable Jacqueline Scott Corley |

Plaintiff Martin Beltran individually, and on behalf of all others similarly situated (hereinafter "Plaintiff" or "Beltran") respectfully files this supplemental brief on Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper's ("Mr. Cooper" or "Defendant") Motion to Transfer. D.E. 24, 29, 36, 42, 43, 47.

## FACTUAL & PROCEDURAL BACKGROUND

This Court held oral argument on Mr. Cooper's Motions to Dismiss and to Transfer Venue on November 20, 2025. D.E. 47. During that argument, the Court directed both parties to file

simultaneous supplemental briefs, Plaintiff on "this interpretation of the venue provision" and Mr. Cooper on "supplementing the record with how it came to be, his notice of the transfer of this loan, that he called, he made it, and all that kind of stuff." D.E. 47 at 19:12-17. Pursuant to the parties' stipulation, D.E. 43 at 3, the parties will file response supplemental briefs on February 20, 2026 without further replies. The Motions have been briefed and argued, and Plaintiff will not regurgitate his arguments here beyond what the Court requested.

Relevant to this brief, during the November 20, 2025 argument, counsel for Plaintiff asserted that the "Limitation of Liability" provision in Mr. Cooper's online Terms & Conditions was ambiguous. D.E. 47 at 8:6-10:11. In full, the provision at issue in Mr. Cooper's Terms & Conditions states:

> **Limitation Of Liability**
> IN NO EVENT WILL MR. COOPER BE LIABLE FOR ANY DIRECT, INDIRECT, PUNITIVE, INCIDENTAL, SPECIAL OR CONSEQUENTIAL DAMAGES, LOSSES OR EXPENSES (WHETHER BASED IN CONTRACT, TORT, STRICT LIABILITY OR OTHERWISE) TO THE USER AND/OR ANY THIRD PARTY, ARISING IN CONNECTION WITH THIS SITE OR USE THEREOF OR INABILITY TO USE BY ANY PARTY, OR IN CONNECTION WITH ANY FAILURE OF PERFORMANCE, ERROR, OMISSION, INTERRUPTION, DEFECT, DELAY IN OPERATION OR TRANSMISSION, COMPUTER VIRUS OR LINE OR SYSTEM FAILURE, EVEN IF MR. COOPER, OR REPRESENTATIVES THEREOF, ARE ADVISED OF THE POSSIBILITY OF SUCH DAMAGES, LOSSES OR EXPENSES. The user's access to and use of the Mr. Cooper websites and mobile apps, and the terms of this disclaimer are governed by all applicable Federal laws and the laws of the state of Texas; and the user agrees that venue shall be located in Dallas County, Texas.

D.E. 30-3 at 6–7.

## ARGUMENT

As this Court identified during the November 20 hearing, Mr. Cooper's Terms and Conditions are contracts of adhesion, and paying your mortgage is a different kind of transaction than simply purchasing a widget online. D.E. 47 at 7:2-9. As explained in Plaintiff's briefs, the

2

terms and conditions are not enforceable because they were not conspicuous, and thus, no valid agreement was formed. D.E. 29, 40. And as the party seeking to enforce the terms of sign-in wrap, Mr. Cooper bears the burden of proving formation. *Serrano v. Open Rd. Delivery Holdings, Inc.*, 666 F. Supp. 3d 1089, 1098 (C.D. Cal. 2023) ("[B]usiness owners should recognize that if they come to court seeking to enforce the arbitration terms set forth in a sign-in wrap agreement, they bear the burden of proving contract formation under California law."). But presuming these terms and conditions do constitute enforceable contracts, this case should not be transferred for another simple reason: the final sentence of these Terms & Conditions, which includes a purported venue selection clause, is susceptible to multiple interpretations and thus unenforceable.

The Court must first determine whether a contractually valid forum selection clause exists. *Pierman v. Stryker Corp.*, No. 319CV00679BENMDD, 2020 WL 406679, at *3 (S.D. Cal. Jan. 24, 2020). California law applies to formation issues. *Id.* The Court looks to whether the parties agreed to the clause and whether said clause applies to the dispute. *Moretti v. Hertz Corp.*, No. C 13-02972 JSW, 2014 WL 1410432, at *2 (N.D. Cal. Apr. 11, 2014). It is a bedrock principle of contract law that ambiguities are construed against the drafter, especially where contracts of adhesion are concerned. *Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1237 (S.D. Cal. 2009) ("A contract of adhesion is strictly construed against the drafter and as reasonably understood by the consumer."); *Hunt v. CheapCaribbean.com, Inc.*, No. 3:09-CV-0622-K, 2009 WL 10704881, at *4 (N.D. Tex. June 23, 2009) ("And forum-selection clauses are interpreted *contra proferentem*: when presented with two reasonable, but conflicting, interpretations of a contract provision, a court should adopt the interpretation less favorable to the drafter."); *see also Castillo v. CleanNet USA, Inc.*, 358 F. Supp. 3d 912, 946 (N.D. Cal. 2018); Cal. Civ. Code § 1654. The Amended Complaint outlines how Mr. Cooper's interpretation of its agreements departs from consumers' reasonable

3

expectations. D.E. 26 at ¶¶ 91, 92, 132, 219, 264.

As counsel argued during the hearing, the language quoted above departs markedly from standard language of forum selection clauses. In full, Mr. Cooper's alleged choice of law and forum selection clauses state: "The user's access to and use of the Mr. Cooper websites and mobile apps, and the terms of this disclaimer are governed by all applicable Federal laws and the laws of the state of Texas; and the user agrees that venue shall be located in Dallas County, Texas." D.E. 30-3 at 7. Essentially, Mr. Cooper chose to omit the precise language that would clearly and unambiguously put a consumer on notice that all disputes would be venued in Texas courts: that "all *disputes arising from* [the use of this website, this agreement, or some other occurrence in course of dealing] shall be heard in [the state or federal courts of] Dallas County, Texas." Mr. Cooper chose to omit this essential language: "disputes arising from." The first half of the sentence preceding the semicolon states simply that the user's use of the website is governed by federal and Texas law. But the second half of the sentence following the semicolon simply says that venue shall be located in Dallas County. The venue of what? This is a critical omission, and consequently the clause fails for ambiguity because it is susceptible to multiple interpretations. The prior part of the sentence begins by discussing the user's "access to and use of" the website – the second part of the sentence could reasonably be read to state that the user is agreeing that venue of their access to the website is located in Dallas.

Multiple claims in this case hinge on venue. D.E. 47 at 9:18-10:6. For example, a claim under CIPA (Counts VIII–X) hinges on transmission occurring in California. Cal. Penal Code § 631(a) (referencing "or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place *within this state*") (emphasis added). Forum selection clauses are generally interpreted contra proferentem. *All. Health Grp., LLC v. Bridging*

4

*Health Options, LLC*, 553 F.3d 397, 402 (5th Cir. 2008). Mr. Cooper is a sophisticated actor. It deliberately chose to omit the words "disputes arising from" in this limitation of liability. The sentence does not even reference any kind of "dispute," "action," "lawsuit," "litigation," "case," or "proceeding" at all. Where a consumer carries no power to negotiate the terms of their bargain (particularly for a product like a mortgage, which must be paid to avoid foreclosure), "the onus must be on website owners to put users on notice of the terms to which they wish to bind consumers." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1179 (9th Cir. 2014). "The designer of the webpages at issue here did not take that obligation to heart." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 857 (9th Cir. 2022). This missing element makes this case different from cases where there is some textual hook that delineates what the clause covers. *See, e.g.*, *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018).

Mr. Cooper bears the burden of proving the parties entered into a forum selection clause. To meet this burden, Mr. Cooper must show that the provision it drafted is unambiguous and that there can be no other reasonable interpretation of the language in the agreement. This should not be a high burden because it is not difficult to design a forum selection clause that references pending or threatened cases, matters, or disputes. Despite this, the entire paragraph Mr. Cooper in fact drafted, titled "Limitation of Liability," does not reference litigation at all, pending, threatened, or otherwise. Plaintiff should not be bound to litigate in a foreign jurisdiction simply because a sophisticated actor like Mr. Cooper now seeks the benefit of the doubt from sloppy drafting. This case should stay in California.

## CONCLUSION

For all of the foregoing reasons, and for the reasons articulated in Plaintiff's briefing, the Motion to Dismiss and the Motion to Transfer should be denied.

Dated: January 16, 2026

Respectfully submitted,

/s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
(615) 255-5419 (facsimile)
gstranch@stranchlaw.com

Natalie Lyons, No. 293026
Vess A. Miller, No. 278020
Lynn A. Toops*
Lisa M. La Fornara*
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
nlyons@cohenmalad.com
vmiller@cohenmalad.com
ltoops@cohenmalad.com
llafornara@cohenmalad.com

Samuel J. Strauss*
Raina C. Borrelli*
STRAUSS BORRELLI, PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
(872) 263-1109 (facsimile)
sam@straussborrelli.com
raina@straussborrelli.com

*To seek admission *pro hac vice*

**Counsel for Plaintiff and the Proposed Classes**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the clerk of the court for the United States District Court for the Northern District of California by using the CM/ECF system on January 16, 2026. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. I certify under penalty of perjury that the foregoing is true and correct.

Dated: January 16, 2026                    /s/ J. Gerard Stranch, IV
                                           J. Gerard Stranch, *pro hac vice*